THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| GUY M. DOMAI,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>CITY OF SALT LAKE, SALT LAKE COUNTY,<br><br>　　　　　　　Defendant. | **ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PLAINTIFF'S MOTION TO SET ASIDE**<br><br>Case No. 2:20-rf-294<br><br>Chief District Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

　　Restricted filer Guy M. Domai[1] attempted to initiate this putative action, submitting a Complaint in which he alleges claims under 42 U.S.C. § 1983 and filing a Motion for Leave to Proceed In Forma Pauperis.[2]  On May 8, 2020, after reviewing Domai's documents and concluding it was unclear whether or not they established a prima facie case of constitutional violations, Chief Magistrate Judge Dustin B. Pead ordered Domai to provide corroborating evidence supporting his claims within 30 days.[3]  On June 22, 2020, Judge Pead granted in part Domai's request for an extension of time to produce the evidence, ordering Domai to provide the information by July 22, 2020.[4]  On August 31, 2020, after the allotted time had elapsed, Judge Pead entered a Report and Recommendation recommending Domai's Motion for Leave be denied based upon Domai's prior filing restrictions and his failure to comply with court orders.[5]

---

[1] Domai was designated as a restricted filer in 2017 after filing 19 lawsuits "that have been (or likely should be) dismissed for failure to state a claim, failure to prosecute, and/or failure to comply with court orders." *Domai v. Parker*, No. 2:17-cv-462-JNP, 2017 WL 4404407, at *3 (D. Utah June 27, 2017).

[2] Dkt. 1; Dkt. 2, *Motion for Leave to Proceed In Forma Pauperis* (*Motion for Leave*).

[3] Dkt. 3.

[4] Dkt. 5.

[5] Dkt. 6, *Report and Recommendation*.

On November 4, 2020, Domai responded by filing two documents, an Objection to Judge Pead's Report and a Motion to Set Aside the Report under Federal Rule of Civil Procedure 60(b), neither of which is well-taken.  As a result of an apparent oversight, Domai's case was not assigned to a district judge for review.  This was recently discovered by the Clerk of Court's office, and the case was assigned to the undersigned for review.

Rule 72(b)(2) allows parties to file "specific written objections to the proposed findings and recommendations" of a magistrate judge.[6]  However, to qualify as a proper objection triggering de novo review, the objection must be filed within fourteen days of the Report being entered.[7]  When a proper objection is not raised, the court generally reviews a report and recommendation for clear error.[8]  Domai's Objection was filed over two months after Judge Pead's Report was entered and is untimely.[9]  The court finds no clear error in Judge Pead's recommendation that Domai's Motion be denied due to his filing restrictions and failure to comply with court orders.[10]  Accordingly, Domai's Objection is overruled.

Concerning Domai's Rule 60(b) Motion, "Rule 60(b) allows a party to seek relief from a final judgment[] and request reopening of his case."[11]  Domai's Rule 60(b) Motion is procedurally improper because Judge Pead's Report is not a final judgment.  The appropriate

---

[6] Fed. R. Civ. P. 72(b)(2).

[7] *Id.*; *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[W]e hold that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.").

[8] *Tracy v. Simplifi Co.*, No. 2:21-cv-00444-RJS-CMR, 2022 WL 887294, at *3 (D. Utah Mar. 25, 2022) (citation omitted).

[9] The Report expressly informed Domai he had 14 days to file an objection.  *Report and Recommendation* at 2.

[10] In his self-styled Rule 60(b) Motion, Domai contends he "sent a quick memo to the court on August 15, 2020," advising the court of issues he was having procuring the information supporting his claims.  *Motion to Set Aside* at 7.  However, the purported communication was not filed with the court and Domai provides no evidence of it.

[11] *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).

mechanism to seek review or reconsideration of Judge Pead's Report was a timely and specific objection. Domai's Motion is denied.

In sum, Domai's Objection is OVERRULED and his Motion to Set Aside[12] Judge Pead's Report is DENIED. Chief Magistrate Judge Pead's Report[13] recommending Domai's Motion for Leave be denied due to his restricted filing status and failure to comply with court orders is ADOPTED. Domai's Motion for Leave[14] is DENIED.

SO ORDERED this 20th day of June 2024.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[12] Dkt. 7.

[13] Dkt. 5.

[14] Dkt. 2.